UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY AUSTIN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY,<br><br>　　　　　　　　　Defendant. | Case No.: 15-cv-1930-GPC-BLM<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[ECF No. 13] |

Plaintiff Bobby Austin, proceeding pro se, asserts an employment discrimination claim under Title VII of the Civil Rights Act of 1964 against Defendant San Diego State University ("SDSU"). (First Amended Complaint ("FAC"), ECF No. 11.) Before the Court is Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"). (ECF No. 13.) For the reasons discussed below, the Court **DENIES AS MOOT** Plaintiff's motion.

## PROCEDURAL HISTORY

On September 1, 2015, Plaintiff filed his initial Complaint against SDSU. (ECF No. 1.) On October 6, 2015, summons was returned executed. (ECF No. 3.) A process server executed service on a "Nancy Demich Analyst," on the SDSU campus on September 3, 2015. (*Id.*) On October 14, 2015, default was entered against SDSU for failure to answer or otherwise timely respond to the complaint. (*See* ECF Nos. 5, 6.) On October 20, 2015,

1

1  Plaintiff filed a motion for default judgment.  (ECF No. 8.)  On December 14, 2015, the
2  Court denied Plaintiff's motion for default judgment with leave to amend and indicated
3  that it was uncertain whether "Nancy Demich Analyst" was authorized to accept service
4  on behalf of Defendant.  (ECF No. 10.)  On December 18, 2015, Plaintiff filed his FAC.
5  (ECF No. 11.)  On December 23, 2015, summons was returned executed.  (ECF No. 12.)
6  A process server again executed service on a "Nancy Demich Analyst," on the SDSU
7  campus on December 18, 2015.  (*Id.*)  On February 1, 2016, Plaintiff filed a motion for
8  leave to file a SAC.  (ECF No. 13.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. Pro. 15(a).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires."  *Id.*  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended [a pleading]."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)).  In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties.  *Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).  These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (original emphasis).

//
//
//

## DISCUSSION

A party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." *Id.* In this case, more than 21 days have passed since Plaintiff effected service of the FAC on "Nancy Demich Analyst," on the SDSU campus on December 18, 2015. (*See* ECF No. 11.) However, it appears that neither the summons nor Plaintiff's initial Complaint or FAC were ever served on a party authorized to accept service of a summons or complaint on behalf of SDSU.

SDSU's "Risk Management | Division of Business and Financial Affairs" website[1] states:

> **Summons and Complaints**
> The California State University (CSU), Office of General Counsel is the only office authorized to accept service of a summons or complaint on behalf of the CSU (which includes San Diego State University), the CSU Chancellor, and the CSU campus presidents.

CSU's website[2] lists CSU's Office of General Counsel's Contact Information as follows:

> Office of General Counsel
> The California State University, Office of the Chancellor
> 401 Golden Shore, Fourth Floor
> Long Beach, California 90802-4210
> (562) 951-4500
> (562) 951-4956 (fax)

In light of Plaintiff's failure to sue and serve the proper party, the Court **DENIES AS MOOT** Plaintiff's motion for leave to a file a SAC. (ECF No. 13.) Instead, Plaintiff

---

[1] *See* http://riskmgmt.sdsu.edu/subpoenas.htm.
[2] *See* https://www.calstate.edu/gc/contact_info.shtml.

is permitted to amend his pleading as a matter of course under Rule 15 within **thirty (30) days** of the date of this order.  Plaintiff is directed to correct his pleading (including the caption) to reflect the proper defendant, The California State University (CSU), and to serve the summons and the complaint on a party authorized to accept service on behalf of the proper defendant.  The hearing scheduled for April 22, 2016 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated:  February 8, 2016

Hon. Gonzalo P. Curiel
United States District Judge